**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **MICHAEL ALONZA RUFUS,** : | |
| : | |
| **Petitioner,** : | |
| VS. : | **NO. 5:23-CV-00088-TES-CHW** |
| : | |
| **STATE OF GEORGIA,** *et al.***,** : | |
| : | |
| **Respondents.** : | |
| _____ : | |

## **ORDER**

*Pro se* Petitioner Michael Alonza Rufus, an inmate who is currently housed at the Petersburg Medium Federal Correctional Institution in Petersburg, Virginia, filed the above-captioned application that has been docketed as a petition for federal habeas corpus relief under 28 U.S.C. § 2241. On May 16, 2023, the Court re-sent copies of its previous orders to Petitioner at his current and correct address and ordered Petitioner to recast his Petition on the Court's standard form. Petitioner was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Petition. *See generally* Order, May 16, 2023, ECF No. 8.

Because the Court did not receive a response to its May 16th Order, the United States Magistrate Judge directed the Petitioner to respond and show cause why his case should not be dismissed for failure to comply (ECF No. 10). On this same day, the Clerk's office docketed a response from Petitioner that was labeled as his objections to the

Magistrate Judge's May 16th Order (ECF No. 9).[1] Petitioner subsequently filed what he deemed to be an objection to the Magistrate Judge's June 22, 2023, show cause order (ECF No. 12). These documents also contain requests for recusal of the undersigned and United States Magistrate Judge Weigle and for a preliminary injunction. For the following reasons, Petitioner's objections are **OVERRULED,** his requests for recusal and a preliminary injunction are **DENIED,** and Petitioner is **ORDERED** to file his recast petition within **FOURTEEN (14) DAYS** of the date of this Order, or his case will be dismissed.

## I.     Request for Recusal

As an initial matter, Petitioner appears to seek recusal in this case. *See, e.g.,* Objs. 2, ECF No. 12. The statutory basis for Petitioner's motion is unclear, but the Court presumes Petitioner intends to seek recusal pursuant to 28 U.S.C. § 455.[2] This statute

---

[1] Petitioner also mailed a second copy of his Objections which the Court received on July 11, 2023 (ECF No. 11).

[2] 28 U.S.C. § 144 also governs recusal, but it requires the moving party to file an affidavit stating that the judge has a personal bias or prejudice against the plaintiff or defendant and providing facts and reasons for the belief that bias or prejudice exists, and the affidavit must be "accompanied by a certificate of counsel of record stating that it is made in good faith." Petitioner has not filed such an affidavit, and this requirement is strictly enforced. *See, e.g., United States v. Perkins*, 787 F.3d 1329, 1343 (11th Cir. 2015) (finding that the court did not abuse its discretion by denying litigant's pro se motion for recusal under 28 U.S.C. § 144 because the affidavit did not meet the statute's procedural requirements); *see also Guthrie v. Wells Fargo Home Mortg.*, Civil Action No. 1:13-CV-4226-RWS, 2015 WL 1401660, at *2 (N.D. Ga. Mar. 26, 2015) (collecting cases and finding that "[i]n light of the mandatory and automatic nature of recusal under [§ 144], its potential for abuse, and the availability of other statutory mechanisms pursuant to which an unrepresented litigant may seek the recusal of a federal judge, the absence of [a good faith] certificate has proven fatal to even the § 144 motions of *pro se* litigants"). As such, the Court will assume that

2

generally provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The statute also enumerates certain other circumstances requiring a judge to disqualify himself. *Id.* at § 455(b)(1)-(5). As best as the Court can tell, Petitioner is suggesting that the judges in this case must recuse themselves because they have received unlawful payments that violate the "dual employment and dual payment provisions of 5 U.S.C. §§ 5531 and 5533" and therefore have a financial interest in the outcome of this case. Objs. 2-3, ECF No. 12. Petitioner also appears to suggest that the judges in this case are biased against him because they have ruled against him, wrongfully "induc[ed] and procur[ed] jurisdiction," and violated Petitioner' due process rights by failing to properly recognize that he is not a "prisoner," "person," or "applicant" for purposes of federal jurisdiction. *Id*. Petitioner may thus be relying on either subsection (a), (b)(1), or (b)(4).

To the extent Petitioner suggests that the judges in this case have a financial interest in its outcome because they are the beneficiaries of some sort of improper outside payments, Petitioner's motion lacks merit. Petitioner has not identified any particular "dual payment" or "dual employment" engaged in by either the undersigned or Judge Weigle within the meaning of the federal laws Petitioner cites, which generally "bar[] a government employee from drawing salary from two different positions." *Christian v. United States*, 131 Fed. Cl. 134, 159 (2017). Allegations supporting a recusal motion must

---

Petitioner intended to proceed solely under § 455.

3

be based on specific facts; "conclusory statements . . . unsupported by any evidence" do not suffice. *See, e.g., Fox v. Prudential Fin.*, 178 F. App'x 915, 919 (11th Cir. 2006) (per curiam) (holding that recusal was not warranted "based on bare allegations of bias and nothing more"). Petitioner has therefore failed to state a basis for relief pursuant to 28 U.S.C. 455(b)(4).

To the extent Petitioner contends recusal is required pursuant to 28 U.S.C. § 455(a) because the Court has ruled against him regarding its jurisdiction to hear this case, among other things, his motion still fails. The standard under subsection (a) is objective and requires the Court to ask "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotation marks omitted). In the Eleventh Circuit, "it is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks and citation omitted) (per curiam). As a result, "a judge's rulings in the same or a related case are not a sufficient basis for recusal," except in rare circumstances where the previous proceedings demonstrate pervasive bias and prejudice. *Id.*; *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality recusal motion."); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("[The bias] must derive from something other than that which

4

the judge learned by participating in the case."). In this case, Petitioner has not pointed to any specific facts showing that any sort of extrajudicial bias existed, nor has Petitioner demonstrated that the Court's rulings exhibit "such a high degree of . . . antagonism as to make fair judgment impossible" or a bias toward Petitioner "so extreme as to display clear inability to render fair judgment." *See Liteky*, 510 U.S. at 551, 555. It is clear that "[r]epeated rulings against a litigant, no matter how erroneous and how vigorously and consistently expressed, are not a basis for disqualification of a judge on the grounds of bias and prejudice." *See Maret v. United States*, 332 F. Supp. 324, 326 (E.D. Mo. 1971).

28 U.S.C. § 455(b)(1) requires disqualification where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" "Recusal under this subsection is mandatory, because 'the potential for conflicts of interest are readily apparent.'" *Patti*, 337 F.3d at 1321 (quoting *Murray v. Scott*, 253 F.3d 1308, 1312 (11th Cir. 2001)). Again, however, Petitioner has failed to establish any personal or pervasive bias on the part of the Court, and Petitioner also fails to identify any specific "disputed evidentiary facts" of which the Court might have knowledge. Any knowledge gained through the course of a judicial proceeding is not a "disputed evidentiary fact" that requires recusal. *United States v. Bailey*, 175 F.3d 966, 969 (11th Cir. 1999) (per curiam). Instead, knowledge of disputed evidentiary facts must be gained through an extrajudicial source to warrant recusal. *See id.* Petitioner has not asserted that such knowledge exists here. Accordingly, the fact that the Court did not

5

rule the way Petitioner wished in this case and others, standing alone, cannot serve as a basis for recusal pursuant to 28 U.S.C. § 455(a) or (b)(1).

In sum, Petitioner's contentions that the Court has not ruled in his favor are not sufficient to merit recusal, and Petitioner has also failed to show that the Court harbors the type of pervasive bias or prejudice against Petitioner that would otherwise require recusal pursuant to 28 U.S.C. §§ 455(a) or (b)(1). In addition, Petitioner has not sufficiently alleged a basis for recusal pursuant to 28 U.S.C. § 455(b)(4). Petitioner's request for recusal is therefore **DENIED.**

## II.  Objections

Petitioner has also filed several documents that contain objections to previous orders of the United States Magistrate Judge. Federal Rule of Civil Procedure 72(a) permits a party to object to a magistrate judge's order resolving a "pretrial matter not dispositive of a party's claim or defense" within fourteen days after being served with a copy of such order. Fed. R. Civ. P. 72(a). Where a party objects, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

Petitioner first takes issue with the fact that several of the Magistrate Judge's original orders (ECF Nos. 3, 4) were sent to Petitioner's previous address. Similarly, Petitioner complains that the Court ordered Petitioner to respond and show cause after receiving his response to the May 16, 2023 Order to recast the Petition. But the Magistrate

Judge acted appropriately to correct the clerical error that resulted in orders being sent to the wrong address, offered Petitioner sufficient additional time to comply with the Court's orders and instructions, and has not penalized Petitioner in any way for failing to comply with the orders he did not receive. In addition, as noted above, the docket sheet reveals that Petitioner's response to the Court's May 16th order simply crossed paths in the filing system with the Magistrate Judge's June 22, 2023 show cause order. This does not amount to "fraud," as Petitioner suggests, nor has Petitioner been penalized for failing to respond to the May 16th order. Petitioner's objections are overruled to the extent he complains about this course of events.

Petitioner also appears to contend that the Magistrate Judge lacked authority to order Petitioner to recast his Petition on the Court's standard form. Objs. 4, ECF No. 9. Petitioner cites to Rule 2(d) of the Rules Governing Section 2254 Cases, and he argues that this Rule does not apply to this case because Petitioner's pleading was filed pursuant to 28 U.S.C. § 2241, not § 2254. *Id.* Contrary to Petitioner's objections, the Court may apply the § 2254 rules to § 2241 cases. *See* 28 U.S.C. § 2254, Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."). Moreover, as Petitioner has been advised in previous cases, requiring the use of standard forms is a common practice that helps the district courts and the parties resolve habeas claims more thoroughly, accurately, and efficiently. *Cf., e.g.,* 28 U.S.C. § 2254, Rule 2, advisory committee's note (describing the benefits of using a "prescribed form" to "both

7

the court and the petitioner," including "[a]dministrative convenience," time savings, and clearer and more legible petitions). Petitioner has filed numerous habeas petitions in the federal courts, and it is therefore critical that Petitioner set out his claims clearly, concisely, and in appropriate detail so that the Court may determine whether any of Petitioner's claims are duplicative and to review his allegations for potential merit. Use of a standard form will aid Petitioner in doing so. The Magistrate Judge's order to recast is therefore not clearly erroneous or contrary to law, and this objection is likewise overruled.

To the extent Petitioner is arguing that requiring him to recast his Petition on the Court's standard form would be overly burdensome and that he would require at least twenty pages to properly set forth his claims, his objections also lack merit. Objs. 5, ECF No. 9. Petitioner does not allege any reason he could not even attempt to comply with the Magistrate Judge's second order to recast, which he acknowledges was properly addressed and received. *See, e.g., id.* at 3. Petitioner's remaining allegations—which center on his specious claims that Judge Weigle and other members of this Court are receiving some sort of "incentives under the Dual Employment and Dual Payment provisions of federal [law]" that are used "to effectuate the custom of universality"—also provide no reason that Petitioner could not comply with the Magistrate Judge's order to recast. *See, e.g., id.* at 6. These objections are therefore overruled, and Petitioner is **ORDERED** to file his recast petition within **FOURTEEN (14) DAYS** of the date of this Order or this case will be dismissed. The Clerk is **DIRECTED** to mail Petitioner another copy of the Court's

standard § 2241 form, marked with the case number for the above-captioned action, that Petitioner should use for this purpose.

### III. Request for Preliminary Injunction

Finally, Petitioner requests "preliminary injunctions against dual employment & payment provisions." Objs. 1, ECF No. 12. A temporary restraining order ("TRO") or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).[3] Factors a movant must show to be entitled to such relief include: "(1) a substantial likelihood of ultimate success on the merits; (2) the [preliminary injunction] is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the [preliminary injunction] would inflict on the non-movant; and (4) the [preliminary injunction] would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (per curiam).

Petitioner does not clearly address these factors in his Complaint, and at this juncture the facts have not been sufficiently developed to conclude that there is a substantial likelihood that Petitioner will ultimately prevail on the merits. Indeed, as noted

---

[3] The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010) (per curiam).

9

above, Plaintiff has cited to no specific facts that would indicate that any judge of this Court has received some sort of payment that is prohibited by federal law. Furthermore, no adverse party has been served or had a meaningful opportunity to respond to Petitioner's allegations. Fed. R. Civ. P. 65(a)(1). Any respondents should be afforded an opportunity to respond to Petitioner's allegations, and any claims for injunctive relief can be addressed as this case proceeds. Accordingly, Petitioner's claims for preliminary injunctive relief are **DENIED.**

## CONCLUSION

For the foregoing reasons, Petitioner's objections are **OVERRULED,** his requests for recusal and a preliminary injunction are **DENIED,** and Petitioner is **ORDERED** to file his recast petition within **FOURTEEN (14) DAYS** of the date of this Order. The Clerk is **DIRECTED** to mail Petitioner another copy of the Court's standard § 2241 form, marked with the case number for the above-captioned action, that Petitioner should use for this purpose. **The failure to fully and timely comply with this Order will result in the dismissal of this case.** There will be no service of process until further order of the Court.

**SO ORDERED**, this 31st day of July, 2023.

                    S/ Tilman E. Self, III
                    TILMAN E. SELF, III, JUDGE
                    UNITED STATES DISTRICT COURT